IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN KENNEDY FRENCH,<br>　　　　PETITIONER,<br><br>V.<br><br>JUDGE D. COFFEY,<br>　　　　RESPONDENT. | §<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br>CIVIL CASE NO. 3:22-CV-739-C-BK |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim.

**I.    BACKGROUND**

On March 25, 2022, Petitioner John Kennedy French, a Texas resident and self-proclaimed sovereign citizen, filed a letter seeking "a writ of mandamus" against Judge D. Coffey of County Criminal Court No. 8, Tarrant County, Texas. Doc. 3 at 1. It appears that French seeks to compel the state judge to vacate a January 24, 2022 order in Case No. 1707453, concerning violations of his conditions of community supervision. *See* Doc. 3-1 at 19-20 (correspondence between the Tarrant County Community Supervision and Corrections Department and French). The Clerk of the Court docketed the pleading as a petition for writ of mandamus.

Upon review, however, French's pleading, construed as a petition for writ of mandamus, lacks any legal basis. Therefore, it should be dismissed.

## II. ANALYSIS

Because French did not pay the filing fee, the Court presumes he seeks leave to proceed *in forma pauperis*. As such, his petition for writ of mandamus is subject to screening under 28 U.S.C. § 1915(e)(2)(B). Those statutes provide for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is premised "on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, French's construed petition for writ of mandamus is frivolous and fails to state a claim.

Federal courts are without power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought. *See Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973) (per curiam). Here, French's petition for writ of mandamus can be only construed to seek mandamus relief against the Judge Coffey, to-wit, compelling him to vacate an order relating to French's conditions of

supervised release. Accordingly, French's request for mandamus relief lacks merit and should be dismissed with prejudice as frivolous and for failure to state a claim. *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of mandamus petition as frivolous because federal courts lack power to mandamus state officials in performance of their duties).

### III.   LEAVE TO AMEND

Generally "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). However, the Court is not required to grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* For the reasons outlined here, French's claim is fatally infirm. Under these circumstances, granting leave to amend would be futile and cause needless delay.

### IV.   CONCLUSION

For the foregoing reasons, French's construed petition for writ of mandamus should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED** on April 14, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).